UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD FRANKENBERGER | No. 21 CR 304<br><br>Hon. Thomas M. Durkin |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits its sentencing memorandum. To account for the seriousness of defendant's conduct, the government recommends that the Court sentence defendant to a bottom of the guidelines sentence of 121 months' imprisonment.

## BACKGROUND

On June 30, 2020, law enforcement executed a search warrant at defendant's residence in Ottawa, Illinois and recovered his Apple XS-model iPhone bearing IMEI 359212075718906 ("the Apple iPhone"), which contained approximately 120 images of child pornography. In particular, the Apple iPhone contained images of (1) a prepubescent girl between the ages of 8-11 performing oral sex on an adult male; (2) a naked prepubescent girl between the ages of 5-7 engaging in a sexual act with an adult male; and (3) a naked prepubescent girl between the ages of 9-11 engaged in oral sex with an adult male.

Moreover, between 2019 and 2020, defendant, using an IP address registered to his residence, accessed Skype and Kik to upload other images of child pornography. More specifically, on June 19, 2019, defendant uploaded images to Kik of a girl

appearing to be between the ages of 9 and 11 with an adult male's penis in the child's mouth and a girl appearing to be between the ages of 6 and 8 with an adult male's penis in the child's mouth. On September 23, 2019, defendant, using an IP address associated with his residence, uploaded an image to Kik depicting what appeared to be two prepubescent minor girls between the ages of 6 and 8 with one of the minor's genitalia exposed. Additionally, on April 3, 2020, the IP addresses associated with the defendant's residence uploaded a video to Skype that was 42 seconds long and depicted what appeared to be a minor girl between the ages of 9 and 11 with an adult male's penis inserted in the child's anus.

## The Advisory Guidelines Range

The government has no objections to the Presentence Investigation Report's ("PSR") calculation of the advisory guidelines range. The PSR correctly calculated defendant's guidelines range to be 121 to 151 months' imprisonment based on an adjusted offense level of 32 combined with criminal history category I as detailed below:

***Base Offense Level***. The base offense level for the offense of conviction—18 U.S.C. § 2252A(a)(1) is 22 pursuant to U.S.S.G. § 2G2.2.

***Images of Prepubescent Minor***. The offense involved images and videos that contained prepubescent minors, thus warranting the two level enhancement under § 2G2.2(b)(2).

***Distribution***. The offense involved defendant knowingly engaging in distribution of child pornography, thus warranting the two level enhancement under § 2G2.2(b)(3)(F).

***Images of Sadistic or Masochistic Conduct***. The offense involved images and videos that contained sadistic or masochistic conduct, thus warranting the four level enhancement under § 2G2.2(b)(4)(A).

***Use of a Computer***. This offense involved the use of a computer for the transmission of a child pornography thus warranting the two level increase under § 2G2.2(b)(6).

***Number of Images***. The offense level is increased by three levels because the offense involved more than 600 images pursuant to § 2G2.2(b)(7)(B).

***Acceptance of Responsibility***. Defendant timely pled guilty and a three-level reduction under § 3E1.1 is warranted.

## The Factors Set Forth in 18 U.S.C. § 3553(a)

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[1] In order to determine the sentence to impose, the Court must consider the statutory factors listed in § 3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Sentencing Commission's policy statements. Although

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

3

the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

The Nature and Circumstances of the Offense

Defendant directly contributed to both the victimization of children by viewing and uploading images of child pornography. Defendant perpetuated the victims' abuse and helped to preserve a permanent record of those images and videos. Simply put, the circulation of child pornography exacerbates the harm to the child. *Osborne v. Ohio*, 495 U.S. 103, 111 (1990) ("The pornography's continued existence causes the child victims continuing harm by haunting the children for years to come.").

Courts have explained why a significant prison term is necessary for these types of crimes. *See United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007) ("The greater the customer demand for child pornography, the more that will be produced.") (citations omitted)); *United States v. Sherman*, 268 F.3d 539, 547 (7th Cir. 2001) ("The possession, receipt and shipping of child pornography directly victimizes the children portrayed by violating their right to privacy, and in particular violating their individual interest in avoiding the disclosure of personal matters.").

The victim impact statements submitted with the PSR also detail that this was not a victimless crime. The images and videos were horrific and explicit images of children who were victimized when they were helpless. That victimization has stayed with them and have continued to impact their day-to-day ability to function as they grew older. In distributing and collecting child pornography, defendant created a

market and source of supply for these images, further exacerbating a cycle of abuse for young and helpless children.

In sum, the nature and circumstances of the offense are serious and warrant a significant custodial term of imprisonment

<u>History and Characteristics of Defendant</u>

Defendant is 66 years old and has no serious criminal record. He is currently retired and spent a career as an educator, mainly working in high schools. His age and current medical conditions are mitigating factors that this Court should consider in arriving at an appropriate sentence. Still, while these facts are mitigating, they do not outweigh the need for a significant custodial sentence.

<u>The Need to Promote Respect for the Law,
Provide Just Punishment, and Afford Adequate Deterrence</u>

The government's recommended sentence would promote respect for the law, provide just punishment, and afford adequate deterrence. General deterrence is particularly necessary in these types of cases in order to diminish the customer demand for child pornography. Further, this case is made all the more worse by the fact that defendant spent a career as a high school educator. He breached a level of trust that parents and students placed in him. A significant sentence here can send an appropriate deterrent message to those who commit these types of crimes while serving in roles like defendant did that carry significant responsibility. Last, specific deterrence is also appropriate here as a way to show defendant that his conduct was illegal, and the repercussions will be significant if he commits the same offense again.

### The Need for Treatment

The government also requests that defendant's sentence include mental-health and sex-offender treatment. The government supports incarcerating defendant at a facility in which he can obtain mental-health and sex-offender treatment. As discussed further below, the government also supports a five-year term of supervised release, which would include conditions requiring participation in mental-health and sex-offender treatment programs.

### The Special Assessment

Title 18, United States Code, Section 3014(a) requires that "the court shall assess an amount of $5,000 on any non-indigent person . . . convicted of an offense under . . . (2) chapter 109A (relating to sexual abuse)." 18 U.S.C. § 3014(a)(2). The amounts collected under this section fund the Domestic Trafficking Victims' Fund. 18 U.S.C. § 3014(c)-(e). Section 3014 "does not provide any guidance regarding how a district court should evaluate indigency." *United States v. Bonilla*, 743 F. App'x 210, 216 (10th Cir. 2018). But "a significant number of Circuit Courts of Appeal have concluded that, for the purposes of determining indigency under Section 3014, a court must look to the defendant's current and future financial situation." *United States v. Safford*, No. 1:17-CR-54 (MAD), 2019 WL 4044038, at *4 (N.D.N.Y. Aug. 15, 2019) (collecting cases). Courts should consider "defendant's income, financial resources, earning capacity, and any burden the assessment would place on the defendant or dependents." *Id*. Similarly, the Court should consider "any specialized training, education, or skills that the defendant might have and the future employability of the defendant." *Id*.

6

Here, defendant is not indigent. While defendant has a negative monthly cash flow, he can afford the $5,000 special assessment associated with the crime of conviction. The government agrees with the PSR that this special assessment should be imposed.

## Restitution

With the expansion of federal victims' services and victims' rights laws in the United States, Congress has continually acknowledged the importance of achieving justice for victims of crime, including the "full and timely restitution as provided in law." The Attorney General Guidelines for Victim and Witness Assistance, at 64; see also 18 U.S.C. § 3771(a)(6). Pursuant to 18 U.S.C. § 2259 and 3663A, defendant must pay restitution in the amount determined by the Court to the victims of the offenses. The government will provide its final victim import spreadsheet prior to sentencing. To the extent defendant does not currently have sufficient assets to pay any restitution judgment, the government will ask the Court at sentencing to set a payment schedule that requires defendant to make monthly payments in the amount of 25% of defendant's monthly income until the restitution judgment is satisfied.

## Supervised Release

The government agrees with the PSR's recommendation of five years of supervised release following his custodial sentence. The government agrees with, and requests that defendant be required to comply with, the conditions set forth in the PSR, all of which will facilitate supervision by the Probation Office, promote

defendant's respect for the law, deter him from committing future crimes, support his rehabilitation, and help ensure that he is engaged in lawful pursuits upon release.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court impose a sentence at the low end of the guidelines range of 121 months' imprisonment. Such a sentence is well supported under Section 3553(a), as it will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, properly account for defendant's history and characteristics, and provide a fair and uniform sentence.

Dated: August 7, 2024        Respectfully submitted,

                             MORRIS PASQUAL
                             Acting United States Attorney

                    By:      */s/ Jared Hasten*
                             JARED HASTEN
                             Assistant United States Attorneys
                             219 S. Dearborn Street, 5th Floor
                             Chicago, Illinois 60604
                             (312) 353-5300

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing was served on August 7, 2024 in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, L.R. 5.5 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as the ECF filers.

/s/ Jared Hasten